FILED

2017 JUN 19 AM 9: 22

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

DYLAN FRACASSE, individually and on behalf of other similarly situated,

Plaintiff(s),

v.

Case No.: 5:17-CV-273-Oc-40PRL

AMERIGAS PROPANE, INC., a Foreign for Profit Corporation doing business in Florida,

Defendant.

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, DYLAN FRACASSE ("Plaintiff"), on behalf of himself and current and former employees similarly situated, by and through undersigned counsel, files this Complaint against Defendant, AMERIGAS PROPANE, INC. ("Defendant" or "AMERIGAS") and in support thereof states as follows:

## JURISDICTION

1. Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. §201, et seq., hereinafter called the "FLSA") to recover unpaid back wages, an additional equal amount as liquidated damages, obtain declaratory relief, and reasonable attorney's fees and costs.

2. The Court has jurisdiction over this claim pursuant to 29 U.S.C. §216(b).

## PARTIES

3. At all times material hereto, Plaintiff was and continues to be a resident of Lake County, Florida.

4. At all times material hereto, AMERIGAS is a Foreign Corporation with headquarters in Pennsylvania and operates and conducts business in Orange County, Florida, and is therefore within the jurisdiction of this Court. Further, at all times material hereto, AMERIGAS was and continues to be engaged in business in Florida, with a place of business in Orange County, Florida.

5. At all times material hereto, AMERIGAS was and continues to be an organization providing propane service. Defendant specializes in converting appliances to propane, tank installations, propane system design and maintenance, and propane deliveries for homes and businesses.

6. At all times material hereto, Plaintiff was "engaged in commerce" within the meaning of §6 and §7 of the FLSA.

7. At all times material hereto, Plaintiff was an "employee" of Defendant within the meaning of FLSA.

8. At all times material hereto, Defendant was the "employer" within the meaning of the FLSA.

9. Defendant was and continues to be an "employer" within the meaning of the FLSA.

10. At all times material hereto, AMERIGAS was and is an enterprise covered by the FLSA pursuant to 29 U.S.C. § 203(s)(1)(C).

11. The additional persons who may become plaintiffs in this action are/were other employees for AMERIGAS who were paid by the hour and who worked in excess of forty (40) hours during one or more work weeks during the relevant time periods but who did not receive pay at one and one-half times their regular rate for all hours worked in excess of forty (40) hours.

## STATEMENT OF FACTS

12. Plaintiff worked for AMERIGAS from approximately July 2015 through March 2017.

13. Plaintiff worked for AMERIGAS as a "Service Technician" from approximately July 2015 through February 2017.

14. In this capacity, Plaintiff's duties included, but were not limited to, performing maintenance, repairs, fixing leaks and installation of propane tanks.

15. Plaintiff worked as an "operations manager" from approximately February 2017 through March 2017. This Complaint does not contemplate the period of time that Plaintiff worked as an operations manager.

16. As a Service Technician, Plaintiff was paid $17.91 per hour.

17. At various material times hereto, Plaintiff regularly worked for Defendant in excess of forty (40) hours within a workweek.

18. Service Technician s were/are hourly paid employees.

19. Service Technician s are/were not paid overtime, in one or more weeks, when they worked more than forty (40) hours per week.

3

20. Plaintiff and other Service Technician s are not exempt from the overtime provisions of the FLSA.

21. All Service Technician s were entitled to be paid for all hours worked for Defendant.

22. In order to perform their jobs to completion, Plaintiff and all Service Technician s worked beyond their scheduled hours, including often working "off the clock" during one or more weeks.

23. Defendant's supervisors and other managers knew Plaintiff and the other hourly employees were working overtime hours.

24. As a result, Defendant has failed to compensate Plaintiff and all other hourly employees for all overtime hours actually worked.

25. At all times material hereto, Plaintiff was required to submit to Defendant time sheets for all hours worked at the end of each shift.

26. At all times material hereto, when Plaintiff submitted timesheets indicating that he did not take a lunch Defendant automatically deducted thirty (30) minutes for a lunch break from Plaintiff and other hourly workers for each day worked.

27. This automatic deduction was done whether or not Plaintiff took a thirty (30) minute lunch break.

28. Plaintiff usually did not take a lunch break each day that he worked for Defendant.

29. Other Service Technicians also were not able to take a non-compensable lunch break most days yet Defendant still deducted thirty (30) minutes per day from their pay for a lunch break.

30. Defendant's supervisors and other managers knew Plaintiff and the other hourly employees were working during the automatically deducted lunch break.

31. Plaintiff brought up the fact that he was not being paid overtime to his area director, Sean Daughtry, and was told that the company was in a period of "no overtime." Additionally, Plaintiff and other Service Technicians were told to limit what they put on their timesheets for overtime – even if they worked it.

32. As a result, Defendant has failed to compensate Plaintiff and all other hourly employees for all overtime hours actually worked.

33. Plaintiff and the other hourly workers should have been paid an overtime rate of pay for all hours worked over forty (40) in a workweek due to the improperly deducted hours as well as the hours in which they were required to work off the clock to complete their duties.

34. The records, to the extent they are accurate, detailing the time recorded and pay received by Plaintiff and the other workers are in the possession of Defendant.

## COUNT I
## VIOLATION OF 29 U.S.C. §207 OVERTIME COMPENSATION

35. Plaintiff re-alleges and reincorporates paragraphs 1 through 34 of the Complaint, as if fully set forth herein.

36. For the last three years, Plaintiff and those similarly situated to him were subjected to Defendant's policy wherein Defendant did not pay overtime hours which were mostly worked "off the clock" and which Plaintiff's supervisors and managers were aware of.

37. For the last three years, Plaintiff and those similarly situated to him were subject to Defendant's policy wherein Defendant automatically deducted thirty (30) minutes per day for a lunch break even though Plaintiff routinely did not take a deductible lunch break.

38. Plaintiff often recorded at or above forty (40) hours per week, therefore this unpaid time would be considered unpaid overtime compensation.

39. All other hourly employees of Defendant were subject to the same policies and as a result were also shorted overtime pay from Defendant.

40. Plaintiff and the other workers are and were entitled to be paid at the statutory rate of one and one-half times their hourly rate of pay for all hours worked in excess of forty (40) hours.

41. At all times material hereto, Defendant failed and continues to fail to maintain proper time records in regards to actual "working hours" in violation of the FLSA.

42. Defendant's actions were willful and/or showed reckless disregard for the provisions of the FLSA in that Defendant knew Plaintiff and other hourly workers were performing work "off the clock" yet Defendant continued to deduct and/or omit overtime hours worked per week from these hourly workers' pay.

43. Defendant failed to properly disclose or apprise Plaintiff and other hourly workers of their rights under the FLSA.

44. Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

WHEREFORE, Plaintiff respectfully requests that judgment be entered in her favor against Defendant:

    a. Declaring that the acts and practices complained of herein are in violation of the maximum hour provisions of the FLSA;

    b. Awarding Plaintiff and other hourly workers similarly situated to him overtime compensation in the amount due to them for their uncompensated work in excess of forty (40) hours per work week;

    c. Awarding Plaintiff and the other hourly workers liquidated damages in an amount equal to the overtime award;

    d. Awarding Plaintiff reasonable attorney's fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b);

    e. Awarding Plaintiff pre-judgment interest;

    f. Issue of an Order, as soon as is practicable, authorizing Plaintiff to send notice of the instant lawsuit to all similarly situated hourly workers employed by Defendant within the past 3 years; and

    g. Ordering any other further relief the Court deems just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as a matter of right by jury.

DATED this 15 day of June 2017.

                Respectfully submitted,

                _____
                James J. Henson, Esq.
                Florida Bar No. 77476
                MORGAN & MORGAN, P.A.
                20 North Orange Avenue
                14th Floor
                P.O. Box 4979
                Orlando, FL 32802-4979
                Tel.: (407) 428-6241
                Fax: (407) 245-3342
                Email: jjhenson@forthepeople.com
                *Attorneys for Plaintiff(s)*