UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

DYLAN FRACASSE,

    Plaintiff,

v.

AMERIGAS PROPANE, INC.

    Defendant.

Case No.: 5:17-cv-273-OC-40PRL

## JOINT MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT

Plaintiff Dylan Fracasse, and Alfredo Anderson, Christopher Bilbro, George Medina, and Yvan Mejia (together with Fracasse, the "Claimants") and Defendant AmeriGas Propane, Inc. ("AmeriGas") hereby jointly move for the entry of an Order approving the parties' settlement in this matter. In support, they state as follows:

## BACKGROUND

On June 19, 2017, Dylan Fracasse, individually and on behalf of other similarly situated employees, filed this lawsuit against AmeriGas alleging violations of minimum wage and overtime provisions of the Fair Labor Standards Act (the "FLSA"). (*See generally* Doc. 1 & Doc. 32). Thereafter, Alfredo S. Anderson, Christopher Bilbro, George Medina, and Yvan Mejia, also seeking damages for unpaid wages under FLSA, consented to join this action. (*See* Docs. 20, 23, 34, 39). On December 1, 2017, the parties, without admitting liability, resolved all the claims asserted in this matter. (*See* Doc. 40 (Joint Notice of Settlement)). The settlement reached did not involve coercion, collusion or any undue

influence, but was instead agreed upon voluntarily and after due consideration by both the Claimants and AmeriGas.

## SETTLEMENT AGREEMENT

Claimants and AmeriGas prepared and executed the Settlement Agreement and General Release (the "Settlement Agreement"), a copy of which is attached as Exhibit A, defining all of the terms to settle the instant action and releasing AmeriGas from all claims that were asserted or could have been asserted in the instant action, including any claims under the FLSA. Under the parties' Settlement Agreement, AmeriGas will pay a total sum of $75,000 to resolve this matter, including: (1) $4,625.00 to Alfredo Anderson, $1,500.00 to Christopher Bilbro, $11,250.00 to Dylan Fracasse, $5,125.00 to George Medina, and $5,000.00 to Yvan Mejia, minus applicable withholdings, attributable to wages; (2) the same respective amounts just recited, for liquidated damages and penalties associated with Claimants' FLSA claims; (3) additional consideration totaling $5,000 ($1,000 to each Claimant) which, along with AmeriGas's neutral reference covenant, is designated as additional, separate consideration for the general release, the confidentiality, the no-reemployment, and the non-disparagement provisions, and (4) $15,000.00 to Claimants' counsel for attorney's fees and costs. (*Id.* at ¶¶ 3.1-3.4; 4, 5, 11, 13, 14). The amount allocated to the attorney's fees and costs was negotiated separately from the FLSA claims and without regard to the amount of the settlement sum.

## MEMORANDUM OF LAW

Pursuant to *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982), the Parties jointly seek this Court's approval of their negotiated settlement regarding the

FLSA claims and dismissal of all Claimants' claims with prejudice. (*See* **Ex. A**). The Parties agree and assert that the settlement is a fair and acceptable resolution of Claimants' claims, the terms of which have been voluntarily agreed to during negotiations through their counsel of record.

While AmeriGas denies any minimum wage or overtime violations occurred, the Parties agree that the agreed-to amounts for back wages represent all wages possibly due to Claimants and that the agreed upon settlement amounts will satisfy in full Claimants' alleged damages under FLSA. The Parties further stipulate that, based on the allegations in the Amended Complaint, the settlement reached between Claimants and AmeriGas is fair and reasonable.

This Court has previously approved settlement agreements containing general releases, confidentiality, no re-employment, and non-disparagement provisions when the plaintiff is provided with additional consideration for such terms, as the Settlement Agreement in this matter provides. *See, e.g.*, *Seijas v. MModal Servs., Ltd.*, Case No. 5:17-cv-218-Oc-40PRL (M.D. Fla. Aug. 9, 2017) (approving settlement agreement containing provisions not to seek reemployment, the general release, and the mutual non-disparagement clause where "supported by separate consideration" of $500.00); *see also Buntin v. Square Foot Mgmt., Co.*, Case No. 6:14-cv-1394-Orl-37GJK, 2015 WL 3407866, at *2-3 (M.D. Fla. May 27, 2015) (approving an FLSA settlement where the settlement included consideration in the form of a neutral reference by Defendant to Plaintiff in exchange for a broad general release); *Raynon v. RHA/Fern Park MR, Inc.*, Case No. 6:14-cv-1112-Orl-37TBS, 2014 WL 5454395, at *3 (M.D. Fla. Oct. 27, 2014) (recommending approval of an FLSA settlement

where a general release was supported by consideration that is separate and apart from the settlement sum); *Weldon v. Blackwoods Steakhouse, Inc.*, Case No. 6:14-cv-79-37TBS, 2014 WL 4385593 at *1 (M.D. Fla. Sept. 4, 2014) (approving settlement containing general release and non-disparagement agreement where the plaintiff received full compensation of FLSA claim and $100.00 in additional consideration for same). Because the proposed Settlement Agreement here was negotiated at arm's length, is both fair and reasonable, and provides for separate, additional consideration for the general release, confidentiality, no-reemployment, and non-disparagement provisions, the Court should approve the Parties' agreement in this case. The Court should also find that the amount allocated for attorney's fees and costs has been negotiated separately and is otherwise reasonable under the circumstances. *See Bonetti v. Embarq Mgmt. Co.*, Case No. 6:07-cv-1335, 2009 WL 2371407 (M.D. Fla. Aug. 4, 2009).

**WHEREFORE**, Dylan Fracasse, Alfredo Anderson, Christopher Bilbro, George Medina, and Yvan Mejia, and Defendant AmeriGas Propane, Inc. respectfully request that the Court (a) grant this joint motion, (b) approve the Settlement Agreement, (c) enter an order dismissing all pending claims with prejudice, and (d) grant such further relief as is just and appropriate.

Dated: December 11, 2017.

| | |
|---|---|
| /s/ James J. Henson | /s/ Joseph D. Lee |
| James J. Henson, Esq. | Joseph D. Lee* |
| Florida Bar No. 77476 | California Bar No.: 110840 |
| MORGAN & MORGAN, P.A. | Katherine M. Forster* |
| 20 North Orange Avenue | California Bar No.: 217609 |
| 14th Floor | Munger, Tolles & Olson, LLP |
| P.O. Box 4979 | 350 S. Grand Avenue, 50th Floor |
| Orlando, FL 32802-4979 | Los Angeles, CA 90071 |

| | |
|---|---|
| Tel.: (407) 428-6241<br>Fax.: (407) 245-3342<br>Email: jjhenson@forthepeople.com<br><br>*Counsel for Claimants* | Telephone: (213) 683-9157<br>joseph.lee@mto.com<br>katherine.forster@mto.com<br>(\*Admitted *Pro Hac Vice*)<br><br>and<br><br>David B. King<br>Florida Bar No.: 0093426<br>Thomas A. Zehnder<br>Florida Bar No.: 0063274<br>King, Blackwell, Zehnder & Wermuth, P.A.<br>P.O. Box 1631<br>Orlando, FL 32802-1631<br>Telephone:  (407) 422-2472<br>Facsimile:  (407) 648-0161<br>dking@kbzwlaw.com<br>tzehnder@kbzwlaw.com<br><br>*Counsel for Defendant AmeriGas Propane, Inc.* |

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on December 11, 2017, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

/s/ Thomas A. Zehnder
Thomas A. Zehnder
 Florida Bar No.: 0063274
